UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

FILED
2024 AUG 15 PH 1:14
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| John Ramos<br>         Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No.<br>)     1-24-00035-RP<br>) |
| RESURGENT CAPITAL SERVICES,<br>         Defendant. | )<br>)<br>)<br>) |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

---

### STATEMENT OF FACTS

#### 1. Procedural Background

Plaintiff filed the above-captioned action on January 10, 2024. (Doc #1.) As a result of Resurgent Capital Services failure to timely answer or otherwise respond to the complaint, Plaintiff requested this Court to enter default against Resurgent Capital Services on July 22, 2024. (Doc #7.)

This Court entered the default of Resurgent Capital Services on August 09, 2024. (Doc #8.)

Plaintiff now moves for default judgment against Resurgent Capital Services.

#### 2. Allegations in the Complaint

1

Resurgent Capital Services is attempting to collect a debt allegedly owed to Credit One Bank, N.A. ("the alleged debt"). (Doc #1) Resurgent Capital Services emailed Plaintiff about the alleged debt on November 28, 2023. Plaintiff emailed back through the same medium refusing to pay the debt on November 28, 2023 Pursuant to 15 U.S.C § 1692c(c). On or about December 1, 2023 Plaintiff received another email requesting payment on the Credit One Bank, N.A. debt. Resurgent Capital Services attempted to collect payment eighteen more times by way of eight text messages, seven emails, two voicemails, and one letter by mail (Doc #1).

Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, intrusion upon seclusion, invasion of privacy, decreased ability to focus on task while at work, frustration, amongst other negative emotions.

## STANDARD OF REVIEW

Rule 55(b) states in relevant part: (b) Entering a Default Judgment. (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. (2) By the Court. In all other

2

cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter. FED. R. CIV. P. 55(b).

Although this court permits the Clerk of Court to enter default when appropriate pursuant to Rule 55(a), it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default judgment for the discretion of the particular judge to which the case is assigned.

Upon default, the well-pleaded allegations of a complaint are taken as true. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, those facts still must constitute a legally cognizable claim. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307

(11th Cir. 2009). Because Defendants have previously been declared in default, their liability is established because the well-pleaded allegations substantiate Plaintiffs' claims. A. Fair Debt Collections Practices Act Claims Plaintiff alleges that the unwanted emails, text messages, voicemails, letter received by mail violated a provision of the FDCPA, specifically § 1692c(c). The section of the FDCPA dealing with civil liability provides in relevant part:

(a) Amount of damages Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 * * *

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

4

15 U.S.C. § 1692k (emphasis added). In other words, in order for Defendants to be held liable under the FDCPA, Plaintiffs need only establish a violation of one provision of the act.

Resurgent Capital Services violated the FDCPA in this case. At all relevant times, Resurgent Capital Services, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt. Resurgent Capital Services is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Resurgent Capital Services foregoing acts in attempting to collect this collection item violated 15 U.S.C. §1692c(c) by failing to cease collection activity after being asked to do so by Plaintiff.

### 1. Plaintiff seeks actual and statutory damages from Congress

Plaintiff claims actual damages in the form of emotional distress as a result of Resurgent Capital Services violations of the FDCPA. (Doc #1 and Plaintiff Declaration) Damages recoverable under these statutes include emotional distress. For example, in Green v. Nationwide Arb. Servs., LLC, No. 14-cv-14280, 2015 WL 7717165 (E.D. Mich. Nov. 30, 2015) (Hood, J.), this Court awarded the plaintiff $35,000 in emotional distress damages for her

FDCPA claim. Green, 2015 WL 7717165, at &2.) In McCollough v. Johnson, Rodenberg & Launinger, LLC, 637 F.3d 939 (9th Cir.2011), the Ninth Circuit upheld an award of $250,000 for emotional distress damages awarded for violations of the FDCPA. McCollough, 637 F.3d at 957-58. In another case, the Ninth Circuit held that "[the plaintiff's] testimony alone is enough to substantiate the jury's award of emotional distress damages." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1040 (9th Cir. 2003) (upholding an award of emotional distress damages of either $223,155 or $123,155). *See also*

Based on the foregoing, Plaintiff requests this Court to enter default judgment in the amount of $9,000 for actual damages, and $1,000 for statutory damages, plus costs of $405 filing fee, and $95 for hiring a process server to deliver lawsuit, Plaintiff will seek pursuant to Fed. R. Civ. P. 54(d). In the alternative, and pursuant to Fed. R. Civ. P. 55(b)(2)(B), Plaintiff requests this Court to schedule an evidentiary hearing as to determine the amount of Plaintiff's damages.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to enter judgment against Resurgent Capital Services in the amount of $10,500, In the alternative, Plaintiff requests this Court to schedule an evidentiary hearing as to determine the amount of Plaintiff's damages.

August 15, 2024                          Respectfully submitted:

                                         John Ramos,
                                         2250 Double Creek Dr.
                                         #6711
                                         Round Rock, TX 78664
                                         512.450.2238 (telephone)
                                         Johnramos2121@gmail.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, a true and correct copy of the above and foregoing was deposited in the U.S. Mail, first class, postage pre-paid, addressed to:

Resurgent Capital Services

55 Beattie Pl Ste 110

Greenville, SC 29601

August 15, 2024                              Respectfully submitted:

John Ramos,
2250 Double Creek Dr.
#6711
Round Rock, TX 78664
512.450.2238 (telephone)
Johnramos2121@gmail.com (email)

8