IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **JOHN RAMOS,**<br>  Plaintiff<br><br>vs.<br><br>**RESURGENT CAPITAL SERVICES LP**<br>  Defendant | § § § § § § § §  Case No. 1-24-00035-RP |

# DEFENDANT RESURGENT CAPITAL SERVICES LP'S ORIGINAL ANSWER

Resurgent Capital Services, LP (Resurgent) answers Plaintiff's complaint as follows:

## I. INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff John Ramos an individual consumer, against Defendant, Resurgent Capital Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**ANSWER: Resurgent admits that Plaintiff makes such claims. It denies that it violated such statutes and further denies that it has any liability to Plaintiff.**

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 13op31. Venue in this District is proper in that the Defendants transact business in

Austin, Travis County, Texas, and the conduct complained of occurred in Austin, Travis County, Texas.

**ANSWER: At this time Resurgent lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

### III. PARTIES

3.  Plaintiff John Ramos (hereinafter "Mr. Ramos") is a natural person residing in Austin, Travis County, Texas. Mr. Ramos is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

**ANSWER: At this time Resurgent lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

4.  Upon information and belief, Defendant Resurgent Capital Services is a South Carolina corporation with its principal place of business located at 55 Beattie Place Ste 110, Greenville, SC 29601.

**ANSWER: Resurgent admits it is a company existing under the laws of the State of South Carolina, with its principal place of business in Columbia, South Carolina.**

5.  Defendant Resurgent Capital Services is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's.

**ANSWER: Denied.**

## IV. FACTS OF THE COMPLAINT

6.  Defendant Resurgent Capital Services, (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

   **ANSWER: The allegations of this paragraph contain a legal conclusion to which no response is required. However, to the extent a response may be required, Resurgent denies the allegations to the extent they are inconsistent with existing law.**

7.  On November 28, 2023, Mr. Ramos received an email from Resurgent Capital Services, attempting to collect a debt in the amount of $461.19 allegedly owed to Credit One Bank, N.A.

   **ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

8.  On November 28, 2023, Mr. Ramos sent an email back "I refuse to pay the debt. At 10:15am "Pursuant to 15 U.S.C 1692c(c).

   **ANSWER: Admit Mr. Ramos sent an email on November 28, 2023 stating "I refuse to pay the debt". The remaining allegations are denied.**

9.  Despite receiving Plaintiffs notice, Defendant continued its attempts to contact Plaintiff via email on December 1, 2023, at 9:39 am in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

10. On December 1, 2023, Mr. Ramos received an SMS aka Text message from Defendant at 7:33 pm.

*Welcome! You'll receive msgs from Resurgent Debt Collector. msgs varies by acct/pref Msg&DataRatesMayApply STOP to optout HELP for info. T&C's:m.reca.com/terms*

which was in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

11. On December 3, 2023, Mr. Ramos received an email from Resurgent Capital Services at 12:03pm attempting to collect a debt in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

12. On December 5, 2023, Mr. Ramos received an email from Resurgent Capital Services at 9:45am attempting to collect a debt in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

13. On December 5, 2023, Mr. Ramos received a voicemail from defendant at

3:04pm, Message said,

*"This message is from resurgent capital services a debt collection company we recently sent you a message regarding your account but haven't received payment we understand that life can get busy and we want to maim sure you understand all your payment options we offer various online services to assist you such as viewing your account information and customizing payment plans to our website at https://// www.resurgent.com if you prefer to speak with a member of our customer care team simply give us a call at 866-559-6648 we look forward to hearing from you this is an attempt to collect a debt and any information obtained will be used for that purpose.*

Which was in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

14. On December 7, 2023, Mr. Ramos received an email from Resurgent Capital Services at 12:20pm attempting to collect a debt in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

15. On December 7, 2023, Mr. Ramos received an SMS aka Text message from Defendant at 5:04 pm.

*Resurgent Debt Collector:*
*John, you could miss out on potential discounts! Revisit the Resurgent Portal at m.recap.com/prAzrglhK1Y*
*Reply STOP to optout*

which was in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

16.     On December 9, 2023, Mr. Ramos received an email from Resurgent Capital Services at 1:58pm attempting to collect a debt in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

17.     On or about December 9, 2023. Plaintiff received a letter via US MAIL dated November 28, 2023 and Defendant attempted to collect the alleged debt. Which is a violation of 15 U.S.C § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

18.     On December 11, 2023, Mr. Ramos received an email from Resurgent Capital Services at 2:57pm attempting to collect a debt in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

19.     On December 12, 2023, Mr. Ramos received a voicemail from defendant at 2:34pm, Message said,

*This is resurgent capital services a debt collection company we wanted to touch base again regarding your account with us we haven't received payment from you yet and we understand that life can be busy we're here to help you find a solution that works for you please contact our customer care team at 866-559-6648 or visit https://www.resurgent.com we would love the*

*opportunity to help you reach financial freedom and hope to hear from you soon this is an attempt to collect a debt and any information obtained will be used for that purpose..*

Which was in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

20. On December 12, 2023, Mr. Ramos received an SMS aka Text message from Defendant at 4:41pm.

*Resurgent Debt Collector:*
*Come back to the*
*Resurgent Portal and see special offers for your acct ending in 8751.*
*m.rcap.com/219080DTM7b*
*To optout reply STOP*

which was in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

21. On December 13, 2023, Mr. Ramos received an email from Resurgent Capital Services at 9:54am attempting to collect a debt in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

22. On December 14, 2023, Mr. Ramos received an SMS aka Text message

from Defendant at 5=44pm.

*Resurgent Debt Collector: John, you've got options for your account ending in 8751. Come back to m.rcap.com/8YYWpvgH0O2 To optout reply STOP*

*which was in violation of 15 US. C. § 1692c(c).*

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

23. On December 18, 2023, Mr. Ramos received an email from Resurgent Capital Services at 10:19am attempting to collect a debt in violation of 15 U.S.C. § 1692c(c).

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

24. On December 20, 2023, Mr. Ramos received an SMS aka Text message from Defendant at 7:00pm.

*Resurgent Debt Collector: Looking for flexible pmt options? We have create-your-own plans now on our online portal m.rcap.com/NWWm Y12FnGr To optout reply STOP*

*which was in violation of 15 U.S.C. § 1692c(c).*

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

25. On December 28, 2023, Mr. Ramos received an SMS aka Text message from Defendant at 12:10pm.

*John Ramos v. Resurgent Capital Services LP*; Cause No. 1-24-00035-RP
Defendant Resurgent Capital Services LP's Original Answer

8

*Resurgent Debt Collector: Save $41.51 on account 8751 with 1 payment of $419.68 at* <u>*m.rcap.com/3e*</u> *YewkbuMVV Offers subject to change. Reply STOP to opt out which was in violation of 15 U.S.C. §1692c(c).*

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

26.     On January 3, 2024, Mr. Ramos received an SMS aka Text message from Defendant at 11:s5am.

*Resurgent Debt Collector: Resolve your account in 12 payments and save $36.90. Start at <u>m.rcap.com/NWlpdpKc</u>YP5 Offers subject to change. Reply STOP to opt out*

*which was in violation of 15 U.S.C. §1692c(c).*

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

27.     On January 5, 2024, Mr. Ramos received an SMS aka Text message from Defendant at 12:10pm.

*Resurgent Debt Collector: Save $41.51 on your $461.19 acct with this offer. Start at <u>m.rcap.com/6690xdpcpAK</u> Offers subject to change. Reply STOP to opt out*

*Which was in violation of 15 U.S.C. §1692c(c).*

**ANSWER: Resurgent lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, Resurgent denies them.**

28.     Plaintiff has suffered actual damages as a result of these illegal collection tactics by this Defendant in the form of invasion of privacy, intrusion upon

seclusion, disturbing plaintiff peace, personal embarrassment, loss of productive time, emotional distress, frustration, anger, anxiety, decreased ability to focus on task while at work, humiliation and amongst other negative emotions.

**ANSWER: Denied.**

## V. FIRST CLAIM FOR RELIEF
### (Resurgent Capital Services)
### 15 U.S.C. §1692c(c)

29. Mr. Ramos re-alleges and reincorporates all previous paragraphs as if fully set out herein.

**ANSWER: Resurgent repeats and realleges the foregoing paragraphs as if fully restated herein.**

30. The Debt Collector violated the FDCPA.

**ANSWER: Denied.**

31. The Debt Collector's violations include, but are not limited to, the following: The Debt Collector violated 15 U.S.C § 1692c(c) and Regulation F § 1006.14(h)(l) by communicating with the Plaintiff at a place Defendant knew or should have known was no longer convenient.

**ANSWER: Denied.**

32. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Ramos actual damages, statutory damages and cost.

**ANSWER: Denied.**

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Ramos respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

a.   Judgment for the violations occurred for violating the FDCPA;

b.   Actual damages pursuant to 15 U.S.C 1692k(1)(2);

c.   Statutory damages pursuant to 15 U.S.C 1692k(2);

d.   Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

e.   For such other and further relief as the Court may deem just and proper.

**ANSWER: Resurgent denies that Plaintiff is entitled to any such relief.**

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendant Resurgent alleges the following additional and affirmative defenses:

1.   Resurgent asserts that Plaintiff is not entitled to recover attorneys' fees as he is not a licensed attorney.

2.   Resurgent asserts the defense of setoff. Plaintiff is indebted to it on the account referenced in his complaint. That account balance, and any associated interest, fees or costs—whether originally sought to be collected or not—should be set off against any recovery that Plaintiff might obtain in this action. Where two opposing claims arise out of separate transactions between the same parties, "setoff" is the equitable right of one party to offset his debt by the amount of its claim against the other party. "The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts

against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995), *quoting Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

3. Resurgent denies that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010).

4. Resurgent pleads that if Plaintiff does have any actual damages, such damagers are subject to the defense of failure to mitigate.

5. Resurgent denies it is a debt collector as defined by the Fair Debt Collection Practices Act and demands strict proof thereof.

6. Resurgent denies the Plaintiff has suffered any damages as a result of any act, error, or omission of this Defendant.

7. Resurgent asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

8. Since Plaintiff has not suffered any actual damages, his individual recovery (to the extent he is entitled to such recovery, which Resurgent denies) is limited to statutory damages only and is capped at $1,000.00 per action under the FDCPA.

## ATTORNEYS' FEES

9. There is no basis in fact or law for the filing of Plaintiff's claims, and Defendant asserts that such claims have been brought in bad faith and for the purpose of harassment. Defendant is entitled to recover its reasonable attorneys' fees and costs.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Resurgent Capital Services, LP prays that Plaintiff take nothing in this action. Defendant Resurgent Capital Services further prays for all such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: August 23, 2024

Respectfully submitted,

/s/ Francesca A. Di Troia
Francesca A. Di Troia
State Bar No. 24097596
S.D. Tex. No. 3278381
**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
Fax: (512) 576-9253

**ATTORNEY FOR DEFENDANT RESURGENT CAPITAL SERVICES, LP**

## **CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on August 23, 2024 a true and correct copy of the foregoing document was served on the parties listed below via electronic transmission.

John Ramos
2250 Double Creek Dr, #6711
Round Rock, Texas 78664
512.450.2238
Johnramos2121@gmail.com