**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JOHN RAMOS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | Case No. 1:24-00035-RP |
| vs. | § | |
| | § | |
| RESURGENT CAPITAL SERVICES, LP, | § | |
| | § | |
| Defendant | § | |
| | § | |

**TO THE HONORABLE ROBERT L. PITMAN:**

Defendant Resurgent Capital Services, LP files its Motion to Set Aside Entry of Default pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. In support of the foregoing, Defendant would respectfully show the Court as follows:

## I.   INTRODUCTION

1. Plaintiff sought default based on the false premise that he had properly served Defendant. ECF No. 9. He did not. Plaintiff never served any papers on Defendant because Defendant's registered agent was not served. At best, service was attempted on a person who was not an officer or manager of Defendant.

2. This is an action for actual and statutory damages brought by Plaintiff John Ramos, against Defendant, Resurgent Capital Services, LP for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"). ECF No. 1.

3. Plaintiff filed suit against Defendant on January 10, 2024. ECF No. 1.

4. Plaintiff did not serve Defendant's registered agent or an officer of Defendant, only to

Defendant's office. Exhibit 1 ¶ 4.

5.   Rather, Plaintiff's Complaint and Summons was allegedly signed for by Kevin Williams. ECF No 6. Mr. Willimas is a Mailroom Specialist III at Resurgent. Exhibit 1 ¶ 2. Mr. Williams is not an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process for Resurgent. Exhibit 1 ¶ 2.

6.   Defendant answered on August 23, 2024. ECF No. 10.

7.   Plaintiff filed its Request for Entry of Clerk's Default on July 22, 2024, and its Brief in Support of Motion for Default Judgment on August 15, 2024. ECF Nos. 7 and 9.

8.   Because Defendant was not properly served, Defendant did not discover the Clerk entered a Default against it until August 23, 2024. Exhibit 1 ¶ 5.

9.   Defendant now moves this Court to set aside the default to Rule 55(c) and 60(b), arguing process was not served on an officer or manager of Defendant entitled to received service of process.

## II.  ARGUMENTS AND AUTHORITIES

### A.  This Court should vacate the default pursuant to Rules 60(b)(1) and 55(c).

10.   Under Rule 55(c), a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Per Rule 60(b), a "…court may relieve a party…from a final judgment, order or proceeding for… (1) mistake, inadvertence, surprise, or excusable neglect; …." FED. R. CIV. P.60(b)(1). Trial on the merits is favored over a default judgment, and consequently Rule 60(b) is applied most liberally to defaults. *Azzopardi v. Ocean Drilling & Expl. Co.*, 742 F.2d 890, 895 (5th Cir. 1984). "Unless it appears that no injustice results from the default, relief should be granted." *Id.* "It is a basic tenant of [Texas] jurisprudence that the law abhors a default." *Hock v. Saiaices*, 982 S.W.2d 591, 593 (Tex. App.—San Antonio 1998,

no pet.). Federal jurisprudence equally disfavors default judgments. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

11.   The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of a court in seeing that justice is done given all the facts. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse  of that discretion." *Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996) (*en banc*) (citations omitted).

12.   The Court of Appeals for the Fifth Circuit has interpreted the Rule 60(b) standard to also incorporate the "good cause" standard in Rule 55(c). *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008). In determining whether good cause exists to set aside a default judgment, district courts are instructed to consider three factors: 1) whether the default was willful, 2) whether a meritorious defense is presented, and 3) whether setting aside the default would prejudice the adversary. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). This list is non-exclusive, as other factors may be considered in a court's analysis. *See Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992) (indicating that courts may also consider whether the public interest is implicated, if the defaulting party stands to incur significant financial loss, and if the defaulting party acted expeditiously to correct the default).

**B. Good cause exists because the default is void and should be set aside under Rule 60(b)(4) for insufficient service of process.**

13.Plaintiff should have served Defendant following Texas state law for serving a summons or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the

defendant. Fed. R. Civ. P. 4(h).

14. It would be improper to enter default judgment against one who has not been properly served. *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 252 1985 U.S. App. LEXIS 25416 (5th Cir. 1985). A court lacks personal jurisdiction over a defendant who has not been properly served, and any order entered absent personal jurisdiction is void and must be set aside. *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986); *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001); *see also Moss v. US Bank NA*, 2016 U.S. Dist. LEXIS 74665, at *8 (N.D. Tex. May 19, 2016) ("[A] district court must set aside as void a default judgment obtained based on insufficient service, even if the case was removed after the entry of a default judgment in state court.").

15. Sufficiency of process is evaluated under state law. *Thompson v. Deutsche Bank*, 775 F.3d 298, 304 (5th Cir. 2014). Texas law provides that "[t]here are no presumptions in favor of a valid issuance, service, and return of citation in the face of a [direct] attack on a default judgment." *Uvalde Country Club v. Martin Linen Supply*, 690 S.W.2d 884, 885 (Tex. 1985).

16. Unless the record affirmatively shows, at the time the default judgment is entered, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to enter a default judgment against the defendant. *Autozone v. Duenes*, 108 S.W.3d 917, 920 (Tex. App.—Corpus Christi 2003, no pet.). Even if there is "actual knowledge" of the suit, a default judgment is improper against a defendant who has not been served in strict compliance with the law. *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990).

17. Actual notice to a defendant, without proper service, is not sufficient to convey upon the

court jurisdiction to render default judgment against it. *Id*. at 836. Rather, jurisdiction depends on citation issued and served in a manner provided for by law. *Id*. Absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act. *Id*. at 836-37. "The propriety of service is evaluated under a strict-compliance standard." *MobileVision Imaging Servs., LLC v. LifeCare Hosps. of N. Tex.*, L.P., 260 S.W.3d 561, 565 (Tex. App.—Dallas 2008, no pet.); *see also Uvalde*, 690 S.W.2d at 885 ("[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect.").

18. Plaintiff's petition asserted that Defendant is a South Carolina corporation with its principal place of business located at 55 Beattie Place Ste 110, Greenville, SC 29601. ECF No. 1 at ¶4. Plaintiff submitted a Proof of Service that process was served to "Kevin Williams, who is designated by law to accept service" at the above-referenced address in South Carolina. ECF No. 6. Plaintiff states serving the summons on Kevin Williams, who is not an officer or director of Defendant, constitutes service. It does not.

19. Plaintiff neither served Defendant through its registered agent as prescribed by Texas state law for serving a summons nor delivered a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of Defendant.

20. For instance, courts have found service of a summons to a CVS store manager was improper because he was "not the president, vice president, or registered agent of CVS," and there was no evidence the manager was "a managing agent for a substantial aspect of CVS's operations or that CVS authorized [him] to accept service on its behalf." *Williams v. CVS*, No. 10-56, 2010 WL 11632868 at *2 (E.D. Tex. Sept. 15, 2010). "'[T]he individual sought to be served must have

actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the "agent" represents himself to be so authorized or accepts service.'" *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007).

21.  Alternatively, Plaintiff could have served Defendant with process under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.044(b). But Plaintiff did not. Section 17.044, which allows for substituted service on the secretary of state, provides in subpart (b):

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

22. Plaintiff has the burden of "affirmatively showing strict compliance with the [long-arm] statute." *MobileVision*, 260 S.W.3d at 564 (quoting *Boreham*, 826 S.W.2d at 195).

23.  Applying section 17.044(b), Texas courts make clear that "[t]he omission of an allegation that a defendant does not maintain a regular place of business in Texas or a designated agent for service of process indicates a lack of jurisdiction over the defendant that is apparent on the face of the record." *Medtek Lighting Corp. v. Jackson*, 2005 Tex. App. LEXIS 6802, at *6, 2005 WL 2002159 (Tex. App.—Dallas Aug. 22, 2005, pet. denied) (mem. op.).

24. Courts consistently find allegations fail the strict-compliance standard where they "did not exactly adhere to the language of the [long-arm] statute." *Lozano v. Hayes Wheels Int'l, Inc.*, 933 S.W.2d 245, 248 (Tex. App.—Corpus Christi 1996, no writ); *MobileVision Imaging Servs.*, 260 S.W.3d at 566 (plaintiff failed to plead that the defendant "'does not maintain a regular place of business in this state or a designated agent for service of process' as required by section

17.044(b)"); *Allodial Ltd. P'ship*, 184 S.W.3d at 409-10 (plaintiff failed to "plead that [defendant] did not maintain a regular place of business in Texas to allow substituted service on the secretary of state").

25. Thus, even if Plaintiff claims the long-arm statute applies, the fact that Plaintiff did not make any allegation in its pleading that Defendant does not maintain a regular place of business in Texas or request substituted service through the Texas Secretary of State renders its mailing to Defendant's out-of-state office ineffective for service of process purposes.

**C. Defendant has a meritorious defense.**

26. Defendant acted in good faith throughout this matter and has a meritorious defense it intends to assert. "To establish a meritorious defense, [Defendant] must provide a 'clear and specific statement showing, not by conclusion, but by definite recitation of facts' that it has a valid defense." *Till v. X-Spine Sys., Inc.*, 2015 WL 3903567, at *3 (N.D. Tex. June 24, 2015) (Lynn, J.) (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (per curiam)).

27. Here, Defendant has presented a meritorious defense because Plaintiff's attempted service was indisputably invalid as above-discussed. Furthermore, on the day Defendant learned of the instant suit, Defendant filed an Original Answer asserting no less than eight affirmative defenses. ECF No. 10.

28. As a result Defendant has easily cleared the low bar on this factor, where "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008).

29. It is thus at least as strong as in many other cases holding defendants had raised meritorious claims. *See*, e.g., *Crow*, 2023 WL 6613119, at *4-5 (factor favored setting aside default based on

defendant's arguments about court's lack of jurisdiction); *Nations Fund*, 2019 WL 4805915, at \*4 (defendant "need not show a likelihood of success on the merits," just that "the evidence submitted... would constitute a defense," which it did by asserting defenses that "would, if proven true, create a different outcome"). This factor is "only intended to ensure that [setting aside the default] is not an exercise in futility." *Owens-Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000). Defendant has done so.

30. In sum, Defendant's theory presents "a possibility that the outcome at trial would not mirror the default judgment." *In re OCA, Inc.*, 551 F.3d at 373. Thus, this factor supports setting aside the default judgment.

**D.   Defendant acted expeditiously in seeking to correct the default.**

31.   Defendant acted expeditiously in seeking to correct the default on the day it learned of the Complaint and Demand for Jury Trial. *See*, e.g., *Argonaut Ins. v. GCBF, Ltd.*, No. 23-53, 2023 WL 5987400, at \*1-2 (E.D. Tex. July 21, 2023) (defendants who moved to set aside default after six weeks "acted expeditiously to correct it."); *Cunningham v. Matrix Fin. Servs., LLC*, No. 19-896, 2020 WL 2858810, at \*1-2 (E.D. Tex. May 12, 2020) ("It is clear Defendants acted diligently in moving to correct the default" with one-month gap between default and defendants' motions).

32. Resurgent filed its Answer on August 23, 2024, the same day it learned of the Default Judgment. ECF No. 10. And it files the instant motion on August 26, 2024. In sum, Plaintiff's attempted service was invalid, there was no effective deadline for Defendant to answer the Complaint, and every factor favors setting aside the default.

**E.   Setting Aside the Default will Not Prejudice Plaintiff**

33.   There is no prejudice to Plaintiff in requiring it to prove its case on the merits. *Lacy*, 227

F.3d, at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)) ("There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to the plaintiff except require it to prove its case….'").

34. Plaintiff cannot show that setting aside default would "result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* Plaintiff did not effect its purported service until nearly five months after he filed his Complaint. ECF Nos. 1 and 6. At minimum, setting aside the default would not prejudice Plaintiff where he let the case languish for many months.

35. Finally, the case is in its infancy. The Court has not yet issued a scheduling order or set a trial date, the parties have not submitted a joint status report, discovery has not yet begun and dispositive motions are months away. Defendant is prepared to proceed with discovery and expeditiously prepare this case for trial. If anything, delay only benefits the Plaintiff.

## CONCLUSION

Based upon the foregoing arguments and authorities cited herein, Defendant ask the Court to grant this Motion to Set Aside Entry of Default, enter an order mooting or vacating the Default entered by this Court, and for such other and further relief, at law or in equity, as may be appropriate.

Respectfully submitted,

/s/ Francesca A. Di Troia
Francesca A. Di Troia
State Bar No. 24097596
Kelly G. Combs
State Bar No. 24126647
**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731

Tel: (512) 476-9103
Fax: (512) 576-9253
fditroia@bn-lawyers.com
kcombs@bn-lawyers.com
ATTORNEYS FOR DEFENDANT
RESURGENT CAPITAL SERVICES, LP

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned conferred with Plaintiff on August 26, 2024, and he is opposed

to this Motion.

/s/   Francesca A. Di Troia
Francesca A. Di Troia

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, a true copy of the foregoing Motion to Set Aside Entry of

Default was served on Plaintiff via email at the address set forth below.

**SERVICE LIST:**

John Ramos
2250 Double Creek Dr. #6711
Round Rock, TX 78664 512.450.2238 (telephone)
Johnramos2121@gmail.com (email)

/s/   Francesca A. Di Troia
Francesca A. Di Troia