IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-35-RP |
| | § | |
| RESURGENT CAPITAL SERVICES, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court are Plaintiff John Ramos's ("Plaintiff") motion for default judgment, (Dkt. 9), and Defendant Resurgent Capital Services' ("Defendant") motion to set aside entry of default, (Dkt. 13). After considering the parties' arguments, the record, and the relevant law, the Court issues the following order.

Plaintiff, proceeding *pro se*, filed his complaint in this case on January 10, 2024. (Dkt. 1). Plaintiff brings claims against Defendant for alleged violations of the Fair Debt Collection Practices Act. (*Id.*). On March 13, 2024, Plaintiff filed a certified mail receipt and a return receipt that indicated that Plaintiff mailed something via certified mail to Defendant. (Dkt. 3). On the docket, this filing was labeled as a summons returned executed, which triggered an answer deadline for Defendant of April 3, 2024. (*Id.*). Because Defendant had not appeared by that date, on April 10, 2024, Plaintiff filed his first motion for clerk's entry of default. (Dkt. 4). On May 31, 2024, the Court denied this motion, finding that Plaintiff had not properly served Defendant. (Order, Dkt. 5). The Court extended Plaintiff's service deadline and ordered Plaintiff to serve Defendant again. (*Id.*).

On June 21, 2024, Plaintiff filed another summons returned executed, indicating that his process server served the complaint and summons on an individual named Kevin Williams who Plaintiff alleged was designated to accept service on behalf of Defendant. (Dkt. 6). On the docket,

1

this filing triggered an answer deadline of July 8, 2024. (*Id.*). Because Defendant had not appeared by this date, on July 22, 2024, Plaintiff filed a second motion for clerk's entry of default. (Dkt. 7). On August 9, 2024, the Clerk entered default as to Defendant. (Dkt. 8). On August 15, 2024, Plaintiff then filed a motion for default judgment. (Dkt. 9).

On August 23, 2024, Defendant filed an answer, (Dkt. 10), and three days later, Defendant filed a motion to set aside clerk's entry of default, (Dkt. 11). Defendant asserts that Kevin Williams—the individual who accepted service of the complaint and summons—is a "Mailroom Specialist III" who is not an officer, managing, or general agent, or any other agent authorized by appointment or by law to receive service of process for Defendant. (*Id.* at 2). Defendant states that it did not discover that default had been entered against it until Defendant appeared on August 23, 2024. (*Id.*). Defendant moves the Court to vacate the default. (*Id.*). Three weeks have passed since Defendant filed its motion, and Plaintiff has not responded.

An entry of default may be set aside simply "for good cause." Fed. R. Civ. P. 55(c). Defaults "are not favored," and "their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991)). The Fifth Circuit, specifically, has adopted a policy "in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). The requirement of "good cause" has thus been interpreted liberally. *Id.* In making this determination, the court should consider: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would prejudice the adversary. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). These factors are not exclusive; rather, "they are to be regarded simply as a means to identify good cause." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party

acted expeditiously to correct the default, may also be considered. *Id.* Weighing these factors against considerations of social goals, justice, and expediency is a process that "lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

The Court finds that Defendant's motion should be granted for two reasons. First, the Local Rules of the United States District Court for the Western District Court of Texas stipulate that responses to non-discovery or case management motions shall be filed no later than 14 days after the filing of the motions. W.D. Tex. Loc. R. CV-7(d)(2). "If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." *Id.* Plaintiff's response to the motion to set aside entry of default was due no later than September 9, 2024. Because Plaintiff failed to file his response by this deadline, the Court may grant Defendant's motion as unopposed.

Second, on the merits, there is good cause to vacate the default. Federal Rule of Civil Procedure 4(h)(1)(A) allows service on a corporation "in the manner prescribed by Rule 4(e)(1)" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Rule 4(e)(1) permits service on a defendant by "following state law for serving a summons . . . in the state where the district court is located or where service is made." Texas law allows for service on a defendant by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(2). Under Texas Rule of Civil Procedure 107(c), if a plaintiff serves a defendant by registered or certified mail, "the return by the officer or other authorized person must also contain the return receipt with the addressee's signature." Here, service was improper because it was made to an individual who is not authorized to accept service on behalf of Defendant. Because service was insufficient, the default must be vacated. *See Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001).

In addition, Defendant's default was not willful, and Defendant moved expeditiously to correct the default once it learned there was a default. In answering Plaintiff's complaint, Defendant has asserted eight affirmative defenses. (Dkt. 10, at 11–12). As a result, Defendant has cleared the low bar of asserting a meritorious defense. *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008) (stating that the "meritorious defense" factor rests on whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default") (cleaned up). Last, there is no prejudice to Plaintiff where "the setting aside of the default has done no harm to [P]laintiff except to require [him] to prove [his] case" on the merits. *See Lacy*, 227 F.3d. at 293. This case is in its infancy, with no scheduling order or trial date yet scheduled. Allowing this case to proceed on the merits would not unnecessarily delay the resolution of this case. Accordingly, there is good cause to vacate the default against Defendant.

For these reasons, **IT IS ORDERED** that Defendant's motion to set aside entry of default, (Dkt. 13), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's entry of default against Defendant, (Dkt. 8), is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, (Dkt. 9), is **DENIED**.

**IT IS FINALLY ORDERED** that the parties shall file a joint proposed scheduling order on or before **October 23, 2024**. The parties should consult the website for the U.S. District Court for the Western District of Texas (www.txwd.uscourts.gov), select the "Judges' Info" tab, "Standing Orders," "Austin Division," and file the joint proposed scheduling order utilizing District Judge Robert Pitman's form.

**SIGNED** on September 17, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE